**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **KRISTANA DUNN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 4:23-cv-03829** |
| **v.** | § | |
| | § | |
| **PHH MORTGAGE CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S ORIGINAL ANSWER**

Defendant PHH Mortgage Corporation ("PHH" or "Defendant") hereby files this Original Answer to *Plaintiffs' Original Petition and Application for Injunctive Relief* (the "Petition"). Defendant state as follows:

**I.   ANSWER**

1.      Paragraph 1 of the Petition contains a statement regarding a state court discovery control plan, which is not applicable to this action that is now pending in this Court.

2.      Defendant admits the allegations in Paragraph 2 of the Petition.

3.      With respect to Paragraph 3, Defendant admits that it is a foreign corporation that has designated the stated registered agent to receive process in Texas.  Defendant denies the remaining allegations in this paragraph.

4.      With respect to Paragraph 4, Defendant admits, due to the filing of its Notice of Removal, that venue is proper in this Court.

5.      With respect to Paragraph 4, Defendant admits, due to the filing of its Notice of Removal, that jurisdiction is proper in this Court.  Defendant further admits this Court has diversity jurisdiction and personal jurisdiction over the parties.

6.      Defendant admits the allegations in Paragraph 6 of the Petition.

7.      Defendant does not have sufficient information to admit or deny the statements in Paragraph 7 of the Petition.

8.      Defendant does not have sufficient information to admit or deny the statements in Paragraph 8 of the Petition.

9.      Defendant does not have sufficient information to admit or deny the statements in Paragraph 9 of the Petition.

10.     Defendant admits that Plaintiff applied for a loan modification.

11.     Defendant does not have sufficient information to admit or deny the statements in Paragraph 11 of the Petition, so Defendant therefore denies the statements and allegations and demands strict proof thereof.

12.     Defendant does not have sufficient information to admit or deny the statements in Paragraph 12 of the Petition, so Defendant therefore denies the statements and allegations and demands strict proof thereof.

13.     Defendant denies the allegations in Paragraph 13 of the Petition and demands strict proof thereof.

14.     Defendant does not have sufficient information to admit or deny the statements in Paragraph 14 of the Petition, so Defendant therefore denies the statements and allegations and demands strict proof thereof..

15.     Defendant admits that the subject property was previously scheduled for the October 3, 2023 sale.

16.     Defendant denies the allegations in Paragraph 16 of the Petition and demands strict proof thereof.

17.     Defendant denies the allegations in Paragraph 17 of the Petition and demands strict proof thereof.

18.     To the extent not inconsistent herewith, Defendant incorporates its responses made above as if set forth fully herein.

    a.   Defendant admits the Deed of Trust is a valid and enforceable contract.

    b.   Defendant admits that Plaintiff has standing.

    c.   Defendant denies the allegations in paragraph 18(c) and demands strict proof thereof.

    d.   Defendant denies the allegations in paragraph 18(d) and demands strict proof thereof.

    e.   Defendant denies the allegations in paragraph 18(e) and demands strict proof thereof.

19.     To the extent not inconsistent herewith, Defendant incorporates its responses made above as if set forth fully herein.

20.     Paragraph 20 of the Petition contains citation to legal authority, to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in Paragraph 20 and demands strict proof thereof.

21.     Paragraph 21 of the Petition contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in Paragraph 21 and demands strict proof thereof.

22.     To the extent not inconsistent herewith, Defendant incorporates its responses made above as if set forth fully herein.

23.     Paragraph 23 of the Petition contains a legal conclusion, to which no response is

required. To the extent a response is required, Defendant denies the statements and allegations in Paragraph 23 and demands strict proof thereof.

24.     Paragraph 24 of the Petition contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in Paragraph 24 and demands strict proof thereof.

25.     Paragraph 25 of the Petition contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in Paragraph 25 and demands strict proof thereof.

26.     Paragraph 26 of the Petition contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in Paragraph 26 and demands strict proof thereof.

     a.     Paragraph 26(a) of the Petition contains citation to legal authority, to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in Paragraph 26(a) and demands strict proof thereof.

     b.     Paragraph 26(b) of the Petition contains citation to legal authority, to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in Paragraph 26(b) and demands strict proof thereof.

     c.     Paragraph 26(c) of the Petition contains citation to legal authority, to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in Paragraph 26(c) and demands strict proof thereof.

27.     Defendant denies the statements and allegations in Paragraph 27 and demands strict proof thereof.

28.     Defendant denies the statements and allegations in Paragraph 28 and demands strict proof thereof.

29.     Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 29 of the Petition.

30.     To the extent not inconsistent herewith, Defendant incorporates its responses made above as if set forth fully herein.

31.     Paragraph 31 of the Petition contains citation to legal authority, to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in Paragraph 31 and demands strict proof thereof.

32.     Defendant denies the statements and allegations in Paragraph 32 and demands strict proof thereof.

33.     With respect to the Paragraph 33, Defendant denies Plaintiff is entitled to damages.

34.     Defendant denies the statements and allegations in Paragraph 34 and demands strict proof thereof.

35.     To the extent not inconsistent herewith, Defendant incorporates its responses made above as if set forth fully herein.

36.     Paragraph 36 of the Petition contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in Paragraph 26 and demands strict proof thereof.[1]

---

[1] Plaintiff's Petition misnumbered paragraphs 36-40, numbering paragraph 35 twice.

37.     Defendant denies Plaintiff is entitled to the relief requested in Paragraph 37 of the Petition.

38.     Defendant denies Plaintiff is entitled to the relief requested in Paragraph 38 of the Petition.

39.     Defendant denies the statements and allegations in Paragraph 39 and demands strict proof thereof.

40.     Defendant denies the statements and allegations in Paragraph 39 and demands strict proof thereof.

41.     Paragraph 41 is a request for a bond amount to be set in support of Plaintiff's request for temporary restraining order, to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to injunctive relief.

42.     Defendant denies that Plaintiff is entitled to the relief requested in the Prayer.

## II. AFFIRMATIVE DEFENSES

Defendant raises the following defenses:

1.     Defendant denies that all conditions precedent to a right of recovery have been satisfied.

2.     Plaintiff's claims are barred by the statute of frauds.

3.     Plaintiff's claims are barred or any failure to perform is excused because one or more of the material obligations of the note and security instrument have not been satisfied.

4.     Plaintiff's claims are barred or any failure to perform is excused by the waiver provisions contained in the security instrument at issue in this lawsuit.

5.     Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, judicial estoppel, contractual estoppel and/or quasi estoppel.

6.      One of more of Plaintiff's claims are barred by the "one satisfaction" and "contort" doctrines, and "economic loss" rule.

7.      Defendant claims all offsets and credits available to it.

8.      Defendant is not liable for the acts, omissions, or conduct of other persons or entities not authorized to act on behalf of them; pleading further, and in the alternative, Defendant is not liable for the acts, omissions, or conduct of its agents who exceeded the scope of their authority.

9.      Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and the acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

10.     Defendant's actions and omissions were undertaken in good faith, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further the business purposes of Defendant.  Any purported conduct of individuals who were or are agents of Defendant were privileged, and those individuals were and are justified in engaging in the conduct attributed to them. Defendant pleads all statutory and common law privileges that may apply to its conduct and those of its agents.

11.     Any allegedly wrongful acts or omissions of Defendant, if and to the extent such acts and omissions occurred, were legally excused or justified.

12.     Defendant would show its conduct or activity conformed at all times to any and all applicable state and federal statutes, codes, and regulations.

13.     Plaintiff's claims must fail due to the Plaintiff's failure to tender amount(s) admittedly owed.

14.     Some or all of Plaintiff's claims are barred by the doctrine of laches.

15.     Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and said acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any. Defendant asserts its right to comparative responsibility as provided in Chapter 33 of the Texas Civil Practice and Remedies Code and requests that the fact finder apportion responsibility as provided in Chapter 33.

16.     Plaintiff has failed to state a claim upon which relief may be granted.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays the Court enter judgment that: Plaintiff takes nothing on his claims, for all costs of suit, and for such further relief to which it may be entitled.

Respectfully submitted,

By:   */s/ Nicholas M. Frame*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
Southern District Bar No. 21340
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Of Counsel
Texas Bar No. 24093448
Southern District Bar No. 3121681
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served via ECF notification on November 7, 2023 on the following counsel of record:

Jason A. LeBoeuf
Texas Bar No. 24032662
LaBoeuf Law Firm, PLLC
675 Town Square Blvd., Suite 200
Building 1A
Garland, Texas 75040
214.206.7423
214.730.5944 (Fax)
jason@leboeuflawfirm.com
*Attorneys for Plaintiff*

*/s/ Nicholas M. Frame*
**NICHOLAS M. FRAME**
