IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KRISTANA DUNN, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 4:23-cv-03829 |
| v. § | |
| § | |
| PHH MORTGAGE CORPORATION, § | |
| § | |
| Defendant. § | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO MARK STEPHEN BURKE'S MOTION TO INTERVENE**

Defendant PHH Mortgage Corporation ("PHH" or "Defendant") files *Response to Mark Stephen Burke's Motion to Intervene as Plaintiff and Memorandum of Law in Support* and respectfully show as follows:

**I. SUMMARY**

*Current Suit*

1. On September 29, 2023, Kristana Dunn ("Plaintiff") filed *Plaintiff's Original Petition and Application for Injunctive Relief* ("Petition") in Cause No. 2023-67359 in the 190th Judicial District Court, Harris County, Texas, styled *Kristana Dunn v. PHH Mortgage Corporation* (the "State Court Action").

2. This instant suit relates to foreclosure proceedings on the real property located at 9311 Cold River Court, Humble, Texas 77396 (the "Subject Property"), pursuant to a mortgage secured by the Subject Property. (*See* Petition at ¶6). In the Petition, Plaintiff asserts that Defendant has not cooperated with her in allowing her to sell the Property. (*See* Petition at ¶¶14-

16). Based on these allegations, Plaintiff asserts the following causes of action: (1) for breach of contract; (2) tortious interference with contract; (3) violation of the Texas Debt Collection Act; and (4) breach of duty of cooperation (*See* Petition at ¶¶18-32). For these alleged wrongs, Plaintiff seeks a temporary restraining order enjoining PHH from proceeding with foreclosure. (*See* Petition at ¶¶35-39). Plaintiff also seeks actual damages in an unspecified amount. *Id.* at Prayer.

3.   On October 10, 2023, this action was removed to this Court. [ECF Doc. No. 1].

4.   On December 12, 2023, Mark Stephen Burke ("Movant") filed his Motion to Intervene as Plaintiff and Memorandum of Law in Support ("Motion"). [ECF Doc. No. 15].

*Previous Litigation Surrounding Movant's Property*

5.   There has been a history of litigation dating back to 2011 surrounding the foreclosure of the property located at 46 Kingwood Greens Dr., Kingwood, Texas 77339, ("Movant's Property) completely unrelated to the Subject Property in the present suit. The Honorable Alfred H. Bennett succinctly summarized the history of litigation in the previous suit[1] as follows:

> This case has an eleven-year litigation history that began in 2011 when Deutsche Bank Nation Trust Company ("Deutsche Bank") sued pro se Plaintiffs Joanna and John Burke ("Plaintiffs" or "the Burkes") for judicial foreclosure of Plaintiffs' property commonly known as 46 Kingwood Greens Dr., Kingwood, Texas 77339 (the "Property"), based on Plaintiffs' failure to make payments on their Texas Home Equity Note. *Deutsche Bank National Trust Company v. Burke et al*, Civil Action No. 4:11-CV-01658 *("Burke 1")*. After United States Magistrate Judge Smith found Deutsche Bank's assignment to be invalid, Deutsche Bank appealed to the Fifth Circuit, who reversed and remanded the case to the district court to determine whether Deutsche Bank met the remaining requirements to foreclose under Texas law. *Deutsche Bank Nat'l Tr. Co. v. Burke*, 655 F. App'x 251, 255 (5th Cir. 2016). When Judge Smith found in favor of Plaintiffs on remand,

---

[1] *Burke v. Ocwen Loan Servicing,* LLC, 2022 U.S. Dist. LEXIS 180610 (S.D. Tex., Aug. 29, 2022)

Deutsche Bank once again appealed. *Deutsche Bank Nat'l Tr. Co. v. Burke*, 902 F.3d 548, 550 (5th Cir. 2018). In September 2018, the Fifth Circuit reversed and rendered judgment in favor of Deutsche Bank on its foreclosure claim, noting that "[g]iven nearly a decade of free living by the Burkes, there is no injustice in allowing that foreclosure to proceed." *Id.* at 552.

Unhappy with the outcome in *Burke I*, Plaintiffs filed two suits in state court two months later: one against Ocwen Loan Services LLC ("Ocwen"), the servicer of Plaintiffs' loan, and another against Deutsche Bank's attorneys during *Burke I*: Mark Daniel Hopkins, Shelley Hopkins, and Hopkins Law, PLLC (the "Attorney Defendants"). Both cases were removed to the United States District Court for the Southern District of Texas. *Burke et al v. Ocwen Loan Servicing, LLC*, Civil Action No. 4:18-cv-4544 ("*Burke II*") and *Burke et al v. Hopkins et al*, Civil Action No. 4:18-cv-4543 ("*Burke III*"). Soon thereafter, Plaintiffs filed a petition for writ of certiorari for *Burke I*, which the United States Supreme Court denied. Doc. #17 at 4. Around the same time, Plaintiffs filed three Motions to Intervene and one Renewed Motion to Intervene in three unrelated lawsuits in the United States District Courts for the District of Kansas, Southern District of Florida, and Northern District of Illinois, each of which involved Ocwen or Deutsche Bank. *Id.* at 3 n.4, 6-7. All four motions were denied, with one ruling affirmed on appeal and another currently pending on appeal before the Eleventh Circuit. *Id.*

6.      Movant's current attempt to insert himself into a case completely unrelated to his Property and his perceived grievances against Ocwen and/or PHH is completely unfounded and his Motion to Intervene should be denied.

## II.  ARGUMENTS AND AUTHORITIES

7.      Movant seeks intervention under Fed. R. Civ. P. 24(a)(2). *See* Motion at p. 5. "Intervention as of right under Rule 24(a)(2) is proper when: (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's

interest." *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004). "In the absence of any of these elements, intervention as of right must be denied." *Graham v. Evangeline Par. Sch. Bd.*, 132 F. App'x 507, 511 (5th Cir. 2005). The movant "bears the burden of establishing its right to intervene" under Rule 24. *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014).

8. Permissive intervention is "wholly discretionary with the [district] court . . . even though . . . the requirements of Rule 24(b) are otherwise satisfied." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 470–71 (5th Cir. 1984). Before granting permissive intervention, the court should determine "'whether the intervenors' interests are adequately represented by other parties.'" *Id.* at 472. Permissive intervention is not appropriate if it will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)

**A. Movant has no interest in subject litigation.**

9. An applicant to intervene under Rule 24(a)(2) must have a "direct, substantial, legally protectable interest in the proceedings." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (quotation omitted). Whether an applicant has a legally protectable interest in the main action "turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way. So, an intervenor fails to show a sufficient interest when he seeks to intervene solely for ideological, economic, or precedential reasons; that would-be intervenor merely *prefers* one outcome to the other." *Id.* (emphasis in original). "[I]ntervention is improper where the intervenor does not itself possess the only substantive legal right it seeks to assert in the action. *New Orleans Pub. Serv.*, 732 F.2d at 466. "[C]ourts have found that asserted interests are not sufficient to justify intervention when . . . the interest asserted was too contingent, speculative, or remote from the subject of the case." *Bear Ranch, LLC v. HeartBrand Beef, Inc.*, 286 F.R.D. 313, 316 (S.D. Tex.

2012) (collecting cases).

10. Movant fails to articulate what his interest is in the present case. Movant is not a party to the loan agreement and claims no interest in the Subject Property. See Motion, generally. He vaguely asserts that his "interests are intricately tied to the exposed title deed fraud and predatory lending practices affecting vulnerable and distressed homeowners." *See* Motion at p. 5. Movant further states the threat of foreclosure to his home office located at 46 Kingwood Greens Dr., Kingwood, Texas 77339 implicates his business, possessions, civil liberty, and constitutional rights, but fails to explain how the present litigation concerning the foreclosure of the property located at 9311 Cold River Court, Humble, Texas 77396 has any connection to the threat of foreclosure to his own home. The disposition of the present suit will in no way impair or impede Movant's ability to litigate or protect his interests in his own home.

11. Because Movant has failed to show an interest in the suit, his motion to intervene should be denied. The Court is incapable of determining whether the movant's right to protect that interest may be impeded by the disposition of this action when the movant fails to assert an interest related to the property at issue in the present suit. *See Howse v. S/V "Canada Goose I"*, 641 F.2d 317, 322 (5th Cir. 1981) ("In the absence of some interest in the main action, the remaining considerations of practical harm and adequacy of representation become irrelevant."); *Martinez v. United States*, DR: 05-CA-055-VRG, 2005 U.S. Dist. LEXIS 51643, 2005 WL 8155760 (W.D. Tex. Dec. 12, 2005).

**WHEREFORE, PREMISES CONSIDERED**, Defendant requests that this Court enter an order denying the Motion to Intervene and for all other relief, in law and in equity, to which Defendant is entitled.

Respectfully submitted,

By:   */s/ Nicholas M. Frame*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
Southern District Bar No. 21340
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Of Counsel
Texas Bar No. 24093448
Southern District Bar No. 3121681
nframe@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 2, 2024, a true and correct copy of the foregoing document was delivered to the following in the manner provided below:

**Via ECF notification:**
Jason A. LeBoeuf
LeBoeuf Law Firm, PLLC
675 Town Square Blvd., Suite 200
Building 1A
Garland, Texas 75040
214.206.7423; 214.730.5944 (Fax)
jason@laboeuflawfirm.com

**Via CMRR 9314 7699 0430 0115 5800 36 and U.S. Mail**
Mark Stephen Burke
46 Kingwood Greens Drive,
Kingwood, Texas 77339
Phone: (346) 763 2074
Fax: (866) 705 0576
Email: blog@bloggerinc.org

                                         */s/ Nicholas M. Frame*
                                         **NICHOLAS M. FRAME**